UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THOMAS HILBERT, | Case No. 22-cv-01778-LB |
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| R. PASHILK, | |
| Defendant. | |

# INTRODUCTION

Thomas Hilbert, an inmate at San Quentin State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 6.)[1] His complaint is now before the court for review. This order finds that the complaint states a cognizable claim and orders service of process on the sole defendant.

# STATEMENT

Mr. Hilbert alleges the following in his complaint: On April 1, 2021, correctional officer (C/O) Pashilk opened a United States Postal Service package addressed to Mr. Hilbert and labeled as legal mail outside of Mr. Hilbert's presence in violation of his due process rights. Mr. Hilbert was issued a Rules Violation Report due to contraband discovered in the legal mail and later found guilty at a disciplinary hearing that led to the loss of privileges. (ECF No. 1 at 6-8.)

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 22-cv-01778-LB

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). *See also O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government). The Sixth Amendment also protects the right of a prisoner to be present while legal mail relating to criminal proceedings is opened. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017). A plaintiff need not allege a longstanding practice of having his mail opened outside his presence in order to state a claim for relief. *Hayes*, 849 F.3d at 1218 (allegation that protected mail was opened outside plaintiff's presence on two separate occasions sufficient to state First Amendment claim); *Mangiaracina*, 849 F.3d at 1202 (absence of a clear pattern beyond two incidents of mail opening did not preclude Sixth Amendment relief). Nor is a plaintiff required to show any actual injury beyond the violation itself. *Hayes*, 849 F.3d at 1212. If prison officials open legal mail outside a prisoner's presence, they must establish that legitimate

ORDER – No. 22-cv-01778-LB

2

penological interests justify the policy or practice. *Hayes*, 849 F.3d at 1213; *see also O'Keefe*, 82 F.3d at 327 (mail policy that allows prison mailroom employees to open and read grievances sent by prisoners to state agencies outside prisoners' presence reasonable means to further legitimate penological interests). Liberally construed, the *pro se* complaint states a cognizable claim against C/O Pashilk for opening Mr. Hilbert's legal mail outside his presence.

## CONCLUSION

1. Liberally construed, the complaint states a cognizable § 1983 claim against C/O Pashilk #105458. The court orders that C/O Pashilk #105458 be served **ELECTRONICALLY** at San Quentin State Prison.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (ECF. No. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk shall serve by mail a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk will provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-

ORDER – No. 22-cv-01778-LB

Service Waiver.

2. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than sixty days from the date of service, the defendant must file and serve a motion for summary judgment or other dispositive motion. If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the court prior to the date the motion is due. If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. The plaintiff must file and serve his opposition to the summary judgment or other dispositive motion no later than **twenty-eight days** after receiving defendant's motion. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If the defendant wishes to file a reply brief, the reply brief must be filed and served no later than **twenty-one days** after plaintiff files his opposition.

3. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against

you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

4. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

7. The plaintiff is cautioned that he must include the case name and case number for this case on every document he files.

**IT IS SO ORDERED.**

Dated: April 12, 2022

_____
LAUREL BEELER
United States Magistrate Judge

ORDER – No. 22-cv-01778-LB