UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HILBERT THOMAS, | Case No. 22-cv-01778-JSC |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART MOTION TO VACATE; OF PARTIAL DISMISSAL WITH LEAVE TO AMEND; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL** |
| v. | |
| R. PASHILK, et al., | |
| Defendants. | Re: Dkt. Nos. 10, 17, 24, 28 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against a correctional officer at San Quentin State Prison, R. Pashilk. The case was assigned to Magistrate Judge Beeler, who found that Plaintiff stated a cognizable claim against Pashilk for violating his constitutional rights when opening Plaintiff's incoming legal mail outside of Plaintiff's presence. Plaintiff filed an amended complaint, adding new Defendants, and the case was reassigned to the undersigned District Judge. Pashilk filed a motion to vacate the Order of Service and screen the Amended Complaint. Plaintiff filed an opposition, and Pashilk filed a reply brief. For the reasons discussed below, the motion to vacate is GRANTED IN PART, the Amended Complaint is DISMISSED in part with leave to amend, and Plaintiff's motions for appointment of counsel are DENIED.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

§ 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

**I.     Motion to Vacate**

Federal Rule of Civil Procedure 15(a) provides:

> (1) **Amending as a Matter of Course.**  A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f), whichever is earlier.
> (2) **Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Plaintiff is allowed to amend his Complaint as a matter of course under Rule 15(a)(1) as the Amended Complaint was filed before the original Complaint was served upon Defendant Pashilk. The Amended Complaint completely replaces the original Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, there is no need to vacate the

1  Order of Service, and the Court will screen the Amended Complaint under 28 U.S.C. § 1915A(a).

II. **Screening of Amended Complaint**

The Amended Complaint repeats the claim from the original Complaint that on April 1, 2021, Pashilk, a correctional officer, opened Plaintiff's legal mail outside of his presence. (ECF No. 9 at 10.)  For the reasons explained by Judge Beeler in the Order of Service (ECF No. 8 at 2), these allegations state a valid claim for the violation of his constitutional rights.

The Amended Complaint adds the following San Quentin officials as Defendants: Warden Oak Smith, Captain E. Sanders, Captain E. Patao, Lieutenant R. Feston, Lieutenant D. Campbell, and L. Bravo.  Plaintiff alleges that Patao issued him a Rules Violation Report due to contraband discovered in the legal mail, and Feston found him guilty at a disciplinary hearing.  (ECF No. 9 at 11-12.)  He appealed the decision, which was granted based on due process violations at the hearing, and Defendant Bravo ordered a new hearing.  (*Id.* at 12.)  Defendant Campbell presided over the new hearing and found Plaintiff guilty.  (*Id.*)  Plaintiff appealed again, and on appeal, Campbell was found to have violated prison regulations governing such hearings.  (*Id.* at 12-13.)  Bravo ordered another hearing, at which another San Quentin official (who is not a defendant) found Plaintiff not guilty.  (*Id.* at 13.)

When liberally construed, Plaintiff's allegations state a cognizable claim against Feston and Campbell for the violation of his right to due process at his disciplinary hearings.  *See Wolff v. McDonnell*, 418 U.S. 539, 556-57, 566-72 (1974) (providing that an inmate retains his right to due process at prison disciplinary hearings and setting forth the procedural protections that are due).

Plaintiff has not alleged a violation of his right to due process by Defendants Patao or Bravo, as due process does not prohibit issuing a Rules Violations Report or ordering a new disciplinary hearing after a prisoner succeeds on appeal.  *See id.* at 566-70.  Plaintiff alleges no conduct whatsoever by Defendant Sanders.  His only allegation against Warden Smith is that he "is responsible for the custody, training, treatment, and discipline" of Plaintiff.  (ECF No. 9 at 10.) This allegation does not state a plausible claim for relief against Smith because Smith is not legally liable for his subordinates' alleged violation of Plaintiff's constitutional rights.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior

3

liability under Section 1983). Accordingly, the Amended Complaint is dismissed as to Defendants Patao, Bravo, Sanders, and Smith. Plaintiff may cure the deficiencies in these claims in an Second Amended Complaint.

## CONCLUSION

For the foregoing reasons,

1. Defendant Pashilk's motion to vacate is GRANTED IN PART. The original Order of Service is moot and the Amended Complaint is screened.

2. The claims against Defendants Oak Smith, E. Sanders, E. Patao, and L. Bravo are DISMISSED with leave to amend. Plaintiff may amend these claims by filing a Second Amended Complaint on or before **August 26, 2022**. The Second Amended Complaint **must** include the caption and civil case number used in this order (No. C 22-1778 JSC (PR)) and the words "COURT-ORDERED SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original and prior amended complaints, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from his original or amended complaints by reference; he must include in his Second Amended Complaint *all* the claims he wishes to pursue, including his claims against Defendants Pashilk, Feston, and Campbell that were found cognizable in this order. <u>Failure to amend within the designated time and in accordance with this order will result in the Amended Complaint being the operative complaint, and the case proceeding only with the claims against Defendants Pashilk, Feston, and Campbell</u>.

3. The motions for appointment of counsel are DENIED. The interests of justice do not at this stage require Plaintiff's representation by counsel as he has demonstrated that he is able to pursue his claims adequately. If the case proceeds to trial or other circumstances warrant his representation by counsel, the case will be referred to the Federal Pro Bono Project to attempt to locate a volunteer attorney willing to represent Plaintiff.

//
//
//

This order disposes of docket numbers 10, 17, 24, and 28.

**IT IS SO ORDERED.**

Dated: July 19, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.