UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILBERT THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>R. PASHILK, et al.,<br><br>    Defendants. | Case No. 22-cv-01778-JSC<br><br>**ORDER OF SERVICE** |

  Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983.  His Amended Complaint was dismissed in part, and he was granted leave to file a Second Amended Complaint.  (ECF No. 35.)  He was cautioned as follows:

> Failure to amend within the designated time and in accordance with this order will result in the Amended Complaint being the operative complaint, and the case proceeding only with the claims against Defendants Pashilk, Feston, and Campbell.

(*Id.*)  Plaintiff has filed a notice that he does not intend to file a Second Amended Complaint and would like to proceed with only his claims against Defendants Pashilk, Feston, and Campbell.  (ECF No. 37.)  Accordingly, it is hereby ordered as follows:

  1.  The claims against Defendants Oak Smith, E. Sanders, E. Patao, and L. Bravo are DISMISSED.

  2.  Defendants Lieutenant R. Feston and Lieutenant D. Campbell shall be served at the San Quentin State Prison.

  Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the

1  complaint, this order, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also
2  shall serve a copy of this order on the Plaintiff.

3       No later than 40 days after service of this order via email on CDCR, CDCR shall provide
4  the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s)
5  listed in this order will be waiving service of process without the need for service by the United
6  States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be
7  reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the
8  California Attorney General's Office which, within 21 days, shall file with the Court a waiver of
9  service of process for the Defendant(s) who are waiving service.

10      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
11 Defendant who has not waived service according to the CDCR Report of E-Service Waiver a
12 USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
13 of this order, the summons, and the complaint for service upon each Defendant who has not
14 waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
15 Service Waiver.

16     3.    Service on Defendant Receiver J. Clark Kelso shall proceed separately.  The Clerk
17 is directed to electronically serve J. Clark Kelso and his attorney via the email address
18 HCLitigationSupport@cdcr.ca.gov the following documents: the complaint, this order, a Waiver
19 of the Service of Summons form, and a summons.

20      No later than 40 days after service of this order via email on Kelso and his attorney, Kelso
21 shall file the Waiver of the Service of Summons or a Notice indicating that he does not waive
22 service.  If Kelso files such a notice, the Clerk shall prepare a USM-205 Form and shall provide to
23 the USMS the completed USM-205 form and copies of this order, the summons, and complaint for
24 service upon Kelso.

25     4.    To expedite the resolution of this case:

26         a.  No later than **91** days from the date this order is issued, Defendants shall file a
27 motion for summary judgment or other dispositive motion.  The motion shall be supported by
28 adequate factual documentation and shall conform in all respects to Federal Rule of Civil

Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

    d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

3

1 informed of any change of address and must comply with the court's orders in a timely fashion.
2 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
3 Federal Rule of Civil Procedure 41(b).

4 **IT IS SO ORDERED.**

5 Dated: September 2, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.